**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| TAMARA LAVON WILLIAMS, INDIVIDUALLY & AS SURVIVING MOTHER OF CIERRA BROWN, DECEDENT; MIKE RAYMOND BROWN, INDIVIDUALLY, AND AS SURVIVING FATHER OF CIERRA BROWN, DECEDENT, ) ) ) ) ) ) ) ) | |
| Plaintiffs,  ) | Case No. _____ |
| v.  ) | |
| GREENWOOD MOTOR LINES, INC. D/B/A R+L CARRIERS; CHRISTOPHER LEE ZATEZALO, ) ) ) ) | |
| Defendants.  ) | |

**DEFENDANT GREENWOOD MOTOR LINES, INC.' NOTICE OF REMOVAL**

Defendant Greenwood Motor Lines, Inc. d/b/a R+L Carriers ("Greenwood"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this notice to remove the above-captioned civil action from the 129th District Court of Harris County, Texas, where it is now pending as Case No. 2021-36834, to the United States District Court for the Southern District of Texas, Houston Division, based on the following grounds:

   1. On June 18, 2021, named plaintiffs Tamara Lavon Williams ("Williams") and Mike Raymond Brown ("Brown") (together "Plaintiffs"), individually and as surviving parents of Cierra Brown (the "Decedent"), commenced this action by filing an Original Petition and Demand for Jury Trial in Harris County, a true and correct copy of which is attached as part of **Exhibit A-2** hereto, along with any other pleadings, process, and/or orders served on Greenwood as of the time of removal, in accordance with 28 U.S.C. §1446(a).

2. In their Original Complaint, Plaintiffs allege that on February 6, 2021, the Decedent was operating a 2003 Ford Taurus passenger vehicle on Interstate 65 South in Warren County, Kentucky that became disabled in the right-hand travel lane. Ex. A-2 at 3 ¶ 8.

3. Plaintiffs further alleged that although the Decedent "immediately illuminated her hazard flashers to alert other drivers on the roadway," her vehicle was thereafter struck by a commercial tractor-tandem trailer combination vehicle (the "CMV") being operated by additional named defendant Christopher Lee Zatezalo ("Zatezalo"), who was then allegedly driving for and on behalf of Greenwood as an agent or employee, thereby causing the Decedent's vehicle to travel onto the roadway shoulder and into a ditch. *Id*. at 3, 6 ¶¶ 8-11, 18.

4. The Decedent "was pronounced deceased" at the collision scene by a Warren County Assistant Coroner due to "blunt force trauma." *Id* at 3 ¶ 12.

5. Plaintiffs allege that Zatezalo is subject to direct liability for negligently causing the collision, *id*. at 4-5 ¶¶ 13-16, Count I, and that Greenwood is subject to vicarious liability as employer or principal of Zatezalo. *Id*. at 6 ¶¶ 16-17, Count II.[1]

6. In further demanding compensatory and exemplary damages under Texas' wrongful death statute, TEX. CIV. PRAC. & REM. CODE §§ 71.001, *et seq.*, Plaintiffs seek "over $1,000,000" from Zatezalo and Greenwood. *Id*. at 2, 7-9 ¶¶ 6, 21-29.

7. Based on the claims asserted in the Original Petition, federal subject-matter jurisdiction exists under 28 U.S.C. § 1332(a)(1) for the reasons detailed below because complete diversity exists between the Plaintiffs, on the one hand, and the named Defendants, on the other hand, and the amount in controversy, exclusive of interest and costs, exceeds the $75,000

---

[1] Plaintiffs further seek to hold Greenwood directly liable in Count III for its alleged negligent entrustment of the CMV to Zatezalo. Ex. A-2 at 7-9 ¶¶ 19-20.

jurisdictional threshold. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) ("[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.") (citations and quotations omitted)).

8. The citizenship of the Plaintiffs for purposes of diversity is unclear based on the factual allegations of the Original Petition. In this regard, Plaintiffs allege only that they "are residents of Barren County, Ohio and East Baton Rouge County [sic], Louisiana," Ex. A-2 at 2 ¶ 1, while including no factual allegation bearing on the citizenship or residency of the Decedent.

9. Further, it is demonstrably incorrect and wrong that either Williams or Brown is a "resident[] of Barren County, Ohio" for the most basic reason – "Barren County, Ohio" does not exist. *See, e.g.*, https://www.development.ohio.gov/reports/reports_countytrends_map.htm & https://jfs.ohio.gov/County/County_Directory.stm. Moreover, a search of the U.S. Censure Bureau's "QuickFacts" webpage (https://www.census.gov/quickfacts/fact/table/US/PST045219) confirms there is only one "Barren County" in the United States, which is found in Kentucky.

10. Based on the above ambiguity and inconsistency with regard to the Plaintiffs' citizenship, Greenwood through online research and investigation has confirmed that:

a. named plaintiff Williams is a permanent resident and domicile of the State of Kentucky, and thus holds Kentucky citizenship for purposes of § 1332;

b. named plaintiff Brown is a permanent resident and domicile of the State of Louisiana, and thus holds Louisiana citizenship for purposes of § 1332; and

c. the Decedent, insofar as her citizenship must be considered, was at the time of her death a permanent resident and domicile of the State of Kentucky, and thus holds Kentucky citizenship for purposes of § 1332.

11. Consistent with Plaintiffs' allegation that Zatezalo "resid[es] in Harris County, Texas," *id*. at 2 ¶ 4, Zatezalo is a permanent resident and domicile of Harris County in the State of Texas, and thus holds Texas citizenship for purposes of § 1332.

12. Consistent with Plaintiffs' allegation that Greenwood is "a South Carolina corporation" with an Ohio "headquarters," *id*. at 2 ¶ 5, Greenwood is legal corporation formed under South Carolina law with its principal place of business in Wilmington, Ohio, and thus holds South Carolina and Ohio citizenship for purposes of § 1332. *See* 28 U.S.C. § 1332(c)(1)(B)-(C).

13. Based on the foregoing, the Plaintiffs are citizens of Kentucky and Louisiana while the Defendants are citizens of Ohio, South Carolina, and Texas.

14. This Court has original jurisdiction over suits between diverse parties where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)-(a)(1). In the Original Petition, as noted above, Plaintiffs specifically "seek monetary relief over $1,000,000," exclusive of interest and costs. *Id*. at 2, 10 ¶¶ 6, 33; *see also id*. at 2, PRAYER. As a consequence, Plaintiffs assert alleged damages well in excess of the $75,000 threshold, and therefore the minimum jurisdictional amount required for federal diversity jurisdiction is fully satisfied. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (stating "the sum claimed by the plaintiff controls if the claim is apparently made in good faith"); *Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995) (stating "in the typical diversity case, the plaintiff remains the master of his complaint").

15. This Notice of Removal is timely filed, less than 30 days after Plaintiffs' filing of their Original Petition in state court. *See* 28 U.S.C. § 1446(b)(1).

16. Although Zatezalo is a Texas citizen, the "additional limitation on removal" found in 28 U.S.C. § 1441(b)(2), commonly "known as the forum-defendant rule," *see Texas Brine Co.,*

*L.L.C. v. American Arbitration Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020), does not prohibit removal in this case because Zatezalo, to the best of Greenwood's knowledge, has not been served with the Original Complaint.  In light of the Fifth Circuit's recent upholding of "snap removals" (*i.e.*, a "removal prior to service on all defendants") in the *Texas Brine* decision, based on the unambiguous statutory text of that § 1441(b)(2), it is now settled law that "[a] non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state." *Id.* at 485-87.

17. In accordance with 28 U.S.C. § 1446(d), Greenwood is serving all adverse parties with this Notice of Removal and will be promptly filing a copy of the Notice of Removal with the appropriate state court.

18. Because Zatezalo has not been served to the best of Greenwood's knowledge, his consent to removal is not required.

19. Greenwood does not waive any jurisdictional or other defenses available to it.

20. Greenwood further does not waive its right to assert that under applicable Texas choice-of-law rules, the State of Kentucky has the "most significant relationship" to the underlying collision and thus Plaintiffs' claims are governed by Kentucky substantive law.

21. Greenwood reserves the right to supplement this Notice of Removal and/or present additional arguments in support of its entitlement to removal.

22. Pursuant to Local Rule 81 for the Southern District of Texas R+L attaches the following indexed documents to this removal:

   (i) Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings (Exhibit A-2); Plaintiff's Original Petition

      (ii)       All executed process in the case (Exhibit C); none

      (iii)      All orders signed by the State Judge (Exhibit D); none

      (iv)      The docket sheet (Exhibit A-1);

      (v)       An index of matters being filed (Exhibit A);  and

      (vi)      A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit B).

23. R+L submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pled claims upon which relief may be granted, without admitting that Plaintiff has standing, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever.

WHEREFORE, Defendant Greenwood Motor Lines, Inc. d/b/a R+L Carriers prays that this action proceed in this Court as an action properly removed thereto.

Dated: June 24, 2021

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

 */s/ Jeffrey W. Hastings*
Jeffrey W. Hastings
State Bar No.: 09209150
Federal I.D. No. 13481
Email: jeffrey.hastings@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas  77010
Phone: (713) 353-2030
Fax:    (713) 785-7780

**COUNSEL FOR DEFENDANT GREENWOOD MOTOR LINES, INC., d/b/a R&L CARRIERS**

## CERTIFICATE OF SERVICE

I hereby certify that foregoing document was electronically filed with the Court on June 24, 2021.  Notice of this filing will be sent by operation of the Court's case management and electronic case filing system.  A true copy of the foregoing was also served by U.S. Mail, postage prepaid and/or electronic mail on June 24, 2021 upon the following:

*Via eService and CMRRR No.: 9414 7266 9904 2147 5767 95:*
*Patricia M. Morgan*
***KELLEY LAW FIRM, P.C.,***
*201 N. Harwood St.,*
*Dallas, Texas 75201*
*Telephone (972)-850-0500*
*Facsimile: (972)-850-0400*
*Morgan@kelleyfirm.com*

 */s/ Jeffrey W. Hastings*
Jeffrey W. Hastings